THE PEOPLE *ex rel.* CHICAGO AND IOWA R. R. CO.

*v*

AUGUST CHAPMAN *et al.*

MUNICIPAL SUBSCRIPTION—*condition of call for election and vote must be shown to have been complied with.* Where the petition for the call of an election to determine whether a township should subscribe to the capital stock of a railroad, clearly showed that the signers intended to have the subscription, if any, made under the provisions of the act of 1869, entitled "An act to fund and provide for paying railroad debts of counties, townships, cities and towns," and where the notice of the election referred to such petition, it was held that a majority of all the voters residing in the township must vote for the proposition, and that a majority of the votes

cast at such election, which were not a majority of the voters residing in the township, created no liability on the authorities to make the proposed subscription.

This was an application in this court for a *mandamus.* The facts necessary to an understanding of the case appear in the opinion.

Mr. E. WALKER, for the relator.

Messrs. PLATO & BROWN, for the respondents.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The relator presented to this court a petition, and prayed for a writ of *mandamus,* commanding the supervisor and clerk of the town of Big Rock, to issue and deliver certain bonds to aid in the construction of the railroad.

The respondents filed an answer in which, amongst other matters, it is alleged that the proceedings, in regard to the election, should have been conducted in accordance with "An act to fund and provide for paying the railroad debts of counties, townships, cities and towns," in force April 16th, 1869; and that a majority of the legal voters living in the town of Big Rock at the time of the election, did not vote for the subscription.

A demurrer was filed which admitted that a majority of the legal voters did not vote in favor of the subscription.

The reference in the petition for the election clearly shows that the signers of it desired and intended to have the benefit of the provisions of the act of 1869. The first section of this act gives to any county, township, city or town, which may have created a debt to aid in the construction of any railway, the benefit of any increased taxation for State purposes over and above the amount of the assessment roll of the year 1868. According to section seven, the municipality is not entitled to the advantages as provided in section one, and to a registration of the bonds, unless " a majority of the legal

voters living in said county, township, city or town were in favor of such aid, subscription or donation." See Sess. Laws of 1869, p. 316.

As the demurrer admits the fact that a majority of the voters did not vote in favor of the subscription, and as the law makes this a condition precedent to the registration of the bonds, it follows that the municipality can not have the benefit of the act of 1869. There can scarcely be a shadow of doubt that the voters who called the election had this act in view, and as it has not been complied with, the authorities of the town have no right to issue the bonds.

The petition for the election specially refers to the act of 1869 by its title; and the notice of the election refers to the petition as on file in the clerk's office. This petition and all the proceedings on the part of the municipality were subject to examination by all parties interested, and hence there could be no imposition or deception. The relator was bound to know the prerequisite to the validity of the subscription.

The condition was imposed that the subscription should not be made unless the election should so result as to entitle the bonds to registration; and as it did not so result, the *mandamus* must be refused.

The same question was decided in the case of *McWhorter* v. *The People,* 65 Ill. 290.

*Mandamus refused.*